FARMER, J.
In this appeal we are effectually asked to determine whether an insured’s coverage under a general business insurance policy had terminated. We conclude that the policy was still in effect when the subject fire occurred.
The insurance code requires a liability insurer to give its insured “at least 45 days advance notice of nonrenewal.” § 626.9201 Fla. Stat. (1995) (“An insurer issuing a policy providing coverage for property, casualty, surety, or marine insurance shall give the named insured at least 45 days’ advance written notice of nonrenewal.”). The policy in question nominally provided coverage through September 1st. The insurer gave notice of nonrenewal on July 22nd, however, which is less than 45 days before the termination date stated in the policy. The notice expressly said, moreover, that coverage under the policy would expire on September 8th. The termination date specified in the notice is at least 45 days after the notice was sent. Upon receipt of the notice, the insured procured a new policy with another carrier providing for coverage to begin on September 5th. Meanwhile a fire occurred on September 6th causing damage.
We reject Britamco’s contention that, because the insured obtained the new poli *340 cy, its coverage terminated on September 5th. Section 626.9201(3) provides:
“If an insurer fails to provide the 15-day ... written notice required under this section, the coverage provided to the named insured shall remain in effect until 45 days after the notice is given or until the effective date of replacement coverage obtained by the named insured, whichever occurs first. The premium for the coverage shall remain the same during any such extension period.” [e.s.]
By its plain meaning, this provision is applicable only when the insurer has failed to give the 45 day notice. Here the insurer gave 48 days notice before the revised termination date of September 8th.
An insurer is free under section 626.9201 to extend a policy termination date to afford the insured with the full 45 day notice contemplated by the statute. Having so extended the policy termination date in order to facilitate its own statutory duty, the insurer can hardly insist on the original termination date specified in the policy before the notice. The new policy with the other carrier did not replace the existing coverage afforded by Britamco through September 8th.
REVERSED.
KLEIN and STEVENSON, JJ., concur.